# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**MORGAN STANLEY,**

    **Plaintiff,**

v.

**BEATRIZ MEJIA DE DEL CORRAL, an individual; ALEJANDRO DEL CORRAL, an individual; CARLOS DEL CORRAL, an individual; FADELMA INVESTMENTS CORP., a Panamanian corporation; and GLOBALIA CORP., a Panamanian corporation**

    **Defendants,**

Case No. _____

## COMPLAINT IN INTERPLEADER

Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley"), under Fed. R. Civ. P. 22 and 28 U.S.C. §§ 1332 and 1335, files this Complaint in Interpleader against Beatriz Mejia de Del Corral ("Mrs. Del Corral"), Alejandro Del Corral ("Alejandro"), Carlos Del Corral ("Carlos"), Fadelma Investments Corp. ("Fadelma"), and Globalia Corp. ("Globalia") (collectively, the "Defendants"). Morgan Stanley states as follows:

1. Morgan Stanley is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York. Morgan Stanley is a securities broker-dealer registered with the United States Securities and Exchange Commission and a member of the Financial Industry Regulatory Authority. Morgan Stanley is a citizen of New York.

2. Upon information and belief, Mrs. Del Corral is a citizen of Colombia and a part-time resident of Miami-Dade County, Florida.

3. Upon information and belief, Alejandro Del Corral is the son of Mrs. Del Corral, resides in Miami-Dade County, Florida, and is a citizen of the State of Florida.

4. Upon information and belief, Carlos Del Corral is the son of Mrs. Del Corral, resides in Colombia, and is a citizen of Colombia.

5. Upon information and belief, Fadelma is a Panamanian corporation with its principal place of business in Panama and is therefore a citizen of Panama.

6. Upon information and belief, Globalia is a Panamanian corporation with its principal place of business in Panama and is therefore a citizen of Panama.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action (i) under 28 U.S.C. § 1335 because this interpleader action relates to property valued at more than $500 and because there is diversity of citizenship between the adverse claimants and (ii) under 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a defendant resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## BACKGROUND

9. Fadelma opened brokerage account number xxx-xx5808 (the "Fadelma Account") on January 22, 2004. According to the account opening documents, Mrs. Del Corral is an officer of Fadelma and the sole authorized signatory of the Fadelma Account.

10. Globalia opened brokerage account number xxx-x7001 (the "First Globalia Account") on July 27, 2006. According to the account opening documents, Mrs. Del Corral is an officer of Globalia and the sole authorized signatory of the First Globalia Account.

11. Globalia opened a brokerage account, account number xx-xx3630 (the "Second Globalia Account") on March 27, 2015. According to the account opening documents, Mrs. Del Corral is an officer of Globalia and the sole authorized signatory of the Second Globalia Account.

## CAUSE OF ACTION IN INTERPLEADER

12. Alejandro has sued Mrs. Del Corral in Circuit Court of Miami-Dade County, Case No. 15-3916-CA (34) (the "State Court Litigation"), alleging breach of fiduciary duty, conversion, and fraud. In the State Court Litigation, Alejandro has not alleged anything specifically relating to the ownership of the Fadelma Account, the First Globalia Account, or the Second Globalia Account (collectively, the "Accounts").

13. On or around July 27, 2017, Alejandro sent a letter to UBS Financial Services, Inc. ("UBS"), in which Fadelma and Globalia have two brokerage accounts, advising that, on June 8, 2017, Fadelma elected new officers. Alejandro stated that the new board of directors named him as President, Secretary, and Treasurer and provided him with authority to govern Fadelma. *See* 07.27.2017 letter from A. Del Corral, attached as **Exhibit A**.

14. In August 2017, Alejandro visited a Morgan Stanley branch in Miami and instructed Morgan Stanley to deal only with him as the sole authorized person on the Fadelma Account. He also provided additional documentation that purportedly supports his claim as owner of the Fadelma Account.

15. On November 30, 2017, Carlos sent a letter to Morgan Stanley stating that he was a 50% owner of Fadelma and had been named Vice President by Fadelma's board of directors. *See* 11.30.2017 letter from C. Del Corral, attached as **Exhibit B**.

16. In the November 30, 2017 letter, Carlos advised Morgan Stanley that he had initiated legal action in Colombia against Mrs. Del Corral and various entities with which she was associated. Carlos enclosed documents purportedly issued from the Tribunal Superior del Distrito Judicial de Medellin, which Carlos claims determines the ownership of Fadelma and orders Mrs. Del Corral's assets to be frozen.

17. On December 4, 2017, Carlos sent a letter to Morgan Stanley claiming that the First Globalia Account and Second Globalia Account were funded with assets from Fadelma. *See* 12.04.2017 letter from C. Del Corral, attached as **Exhibit C**.

18. UBS has filed an interpleader complaint over similar accounts in the names of Globalia and Fadelma. *UBS Financial Services, Inc. v. Alejandro del Corral, et. al.*, No. 18-cv-20276-UU (S.D. Fla. Jan. 23, 2018).

19. Morgan Stanley has not received any direction from any court of competent jurisdiction in either the United States or Colombia about how to proceed with the management of, and the appropriate restrictions on, the Accounts.

20. Mrs. Del Corral and her two sons, Alejandro and Carlos, have made conflicting claims and demands on Morgan Stanley regarding the person or persons who are (i) the lawful owners of the Accounts, and (ii) authorized to give direction and instructions concerning the Accounts. The claims of the Defendants are independent, have common origin, and are conflicting.

21. Morgan Stanley has caused no independent liability to the Defendants and has not caused the conflicting claims.

22. Morgan Stanley is an innocent, disinterested stakeholder in this Action.

23. Interpleading the Accounts is Morgan Stanley's only means of protecting itself from litigation in which it does not have an interest.

24. Because the assets in the Accounts are marketable securities, the parties may find it preferable to permit Morgan Stanley to retain and freeze those securities in the Accounts as opposed to liquidating the assets and depositing the proceeds into the Court's registry. By permitting Morgan Stanley to retain the Accounts during the pendency of this action, the Court will mitigate costs associated with registry and management fees and may avoid the irreparable harm that may be caused by unnecessary liquidation of the assets in the Accounts.

25. Morgan Stanley has been required to employ the undersigned counsel to prepare, file, and litigate this Complaint for Interpleader, and Morgan Stanley has obligated itself to pay the undersigned a reasonable fee for their services.

WHEREFORE, Morgan Stanley respectfully requests that the Court enter an Order:

(a) Directing and authorizing Morgan Stanley to continue to hold the assets in the Accounts, without jeopardy to Morgan Stanley, under such terms and conditions as the Court determines, including the posting of a nominal bond if deemed appropriate;

(b) Designating an individual with authority to give trading authority to Morgan Stanley with respect to the Accounts;

(c) Directing the Defendants to resolve any claims or potential claims to the Accounts;

(d) Awarding Morgan Stanley the attorney's fees and costs incurred by it in this action; and

(e) Dismissing Morgan Stanley with prejudice from this action, discharging it from liability, and granting such other relief as the Court deems just and proper.

Respectfully submitted,

**RIVERO MESTRE LLP**
*Attorneys for Morgan Stanley*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: jmestre@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: crodriguez@riveromestre.com

By:   /s/ Jorge Mestre
JORGE MESTRE
Florida Bar No. 88145
AMANDA MCGOVERN
Florida Bar No. 964263
CARLOS RODRIGUEZ
Florida Bar No. 0091616